UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MARCUS SELDERS** | **CASE NO. 2:19-CV-00940** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MCDERMOTT INC, et al** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Second Defendant's Rule 12(b)(6) Motion for Partial Dismissal" (Doc. 31) wherein Defendant McDermott, Inc. ("McDermott") and Shaw Services, LLC ("Shaw")[1] to dismiss Plaintiff's Title VII disparate impact, constructive discharge and hostile work environment claims. As of this date, Plaintiff, Marcus Selders who is represented by counsel, has not filed an opposition to this motion and the time for doing so has now lapsed.

## FACTUAL ALLEGATIONS

Plaintiff alleges that Shaw hired him by phone in November 2018, to work as a general foreman in the electrical division at an Entergy site in Westlake, Louisiana.[2] Plaintiff alleges he worked for Shaw for less than a month; he resigned on December 6, 2018.[3]

---

[1] In his Original Complaint, Plaintiff named McDermott, Inc. as the Defendant. In an Amended Complaint, Plaintiff added as a Defendant Shaw Construction Services, LLC, a legal entity Defendants assert is not affiliated with Plaintiff's employer, and named his actual employer, Shaw Services, LLC. For purposes of this motion, the Court considers Shaw Construction Services, LLC and Shaw Services, LLC as "Shaw."
[2] Original Complaint, Doc. 1, ¶¶ 2 and 4.
[1] Id. ¶¶ 6 and 11.

Plaintiff alleges that during his telephone interview with Shaw, he was told by an unnamed person that "he would be allowed to bring in some workers of his choice as crew."[4] He further alleges that during the telephone interview, race was not discussed and "no separate racial policies were recited by the interviewer."[5] Plaintiff claims that once he arrived on the job site, his supervisor's attitude and demeanor changed toward him when the supervisor saw that he was black.[6] Plaintiff alleges that his supervisor would not allow him to bring in any persons for his crew even though other foremen who were not black were allowed to do so.[7]

Plaintiff alleges that on December 6, 2018, he was demoted due to poor work performance; Plaintiff complains that he was understaffed by 57 employees.[8] Plaintiff alleges that he was humiliated and "rather than accept a demotion, he resigned.[9] Plaintiff complains that Defendant's "[f]ailing to honor commitments of the job offered assigning insufficient manpower to perform required duties because of his race, created a hostile work environment, is discriminatory, and is in violation of Title VII."[10]

## PROCEDURAL HISTORY

Plaintiff filed his Original Complaint against McDermott, Inc. asserting claims of Title VII disparate treatment discrimination, disparate impact discrimination and

---

[4] Id. ¶ 5.
[5] Amended and Supplemental Complaint for Damages with Demand for Jury Trial, Doc. 17, ¶ 5A.
[6] Id. ¶ 6A.
[7] Original Complaint, Doc. 1, ¶ 8.
[8] Id. ¶¶ 10 and 11.
[9] Id. ¶ 12.
[10] Amended and Supplemental Complaint for Damages with Demand for Jury Trial, Doc. 17, ¶¶ 21.

constructive discharge.[11] Plaintiff incorrectly identified McDermott as his employer; from November 16, 2018, until December 6, 2018, Plaintiff worked for Shaw Services LLC.[12]

Defendants responded to Plaintiff's Complaint with a Rule 12(b)(6)Motion for Partial Dismissal Title VII claims of disparate impact discrimination and constructive discharge and further asserted the Plaintiff named the wrong defendant.[13] Defendant also filed a Supplemental Memorandum in Support of the Motion for Partial Dismissal wherein Defendants asserted that Plaintiff failed to exhaust his disparate impact claim at the agency level.[14] After briefing by the parties, the Court issued an Order pretermitting any ruling on the motion and allowed Plaintiff to plead the proper Defendant and cure the deficiencies raised in the motion for partial dismissal. The Court further ordered that after Plaintiff amended his complaint, "Defendant may re-urge the motion for partial dismissal if so warranted."[15]

Subsequently, Plaintiff filed an Amended and Supplemental Complaint for Damages with Demand for Jury Trial" ("Amended Complaint").[16] In his Amended Complaint, Plaintiff named Shaw Services, LLC and Shaw Construction Services, LLC, but also named McDermott, Inc. Plaintiff also refers to a hostile work environment claim. Defendants Shaw and McDermott (collectively referred to as "Defendants") move to

---

[11] Doc. 1.
[12] Defendant's Memorandum in Support of Motion to Dismiss, Doc. 31-1, p. 1; Answer to Complaint for Damages and Amended Complaint for Damages, ¶ 3B., Doc. 21.
[13] Doc. 9.
[14] Doc. 13.
[15] Doc. 16.
[16] Doc. 17.

dismiss with prejudice Plaintiff's Title VII disparate impact, constructive discharge, and hostile work environment claims.

## **RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice

to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## **LAW AND ANALYSIS**

Defendants move to dismiss Plaintiff's claims of disparate impact, constructive discharge and hostile work environment. As noted previously, Plaintiff has not objected to Defendants' motion to dismiss.

*Disparate Impact*

Defendants maintain that Plaintiff's claims of disparate impact must be dismissed because he failed to exhaust his administrative remedies as to this claim and he failed to plead a neutral policy with a disparate impact.

The filing of a Charge of Discrimination with the EEOC or equivalent state agency is a condition precedent to filing a civil action under Title VII. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970); *Mills v. City of Shreveport,* 2019 WL 4463322, *5 (W.D. La. 2019). In order for a plaintiff to proceed with a federal court action on Title VII claims, the plaintiff must sufficiently identify those claims in the Charge before proceeding to federal court.  See *Hague v. Univ. of Texas Health Sci. Ctr. at San Antonio*, 560 Fed. Appx. 328, 331 (5th Cir. 2014) (failure to specify discrimination claims in charge of discrimination rendered plaintiff's discrimination claims in civil action outside the scope of her EEOC Charge) (citing *Fellows v. Universal Rests. Inc.*, 701 F.2d 447, 451 (5th Cir. 1983)). "[A] primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in an attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco v. Mineta,* 448 F.3d 783 (5th Cir. 2006). The Fifth Circuit made clear that "[c]ourts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain v. Lufkin Industries, Inc.,* 519 F.3d 264, 273 (5th Cir. 2008).

At the agency level, Courts assess whether facts alleged in the administrative charge might reasonably trigger a disparate impact investigation by the agency.  The cornerstone


of a disparate impact claim requires the charge to allege a facially neutral employment policy with a discriminatory effect. *Pacheco*, 448 F.3d at 792. The question is whether a disparate impact investigation might reasonably be expected to grow out of the facts alleged.

> Plaintiff alleged the following in his EEOC Intake Questionnaire:
>
> I was hired as a general foreman to work at the Entergy power station for McDermott international. The superintendent that requested me had no knowledge of my race until I came to the site, but after he seen this his whole demeanor changed towards me. I was only given one employee the first week to perform he duties that I needed to be performed, and this first week also includes me training in a class for two days. The second week, I was given 2-3 people all which were employees that no one else wanted. My people that I requested to come to the site were never called, but yet they brought in more people through the hiring office to go to other crews. During the second week of employment, I was told that I was being demoted because I was not performing my role as a general foreman. My concern is how can I be an effective general foreman when I am not given the tools that I need to succeed. I had no experienced hands or no foreman to help me.
>
> I [sic] completely treated unfairly, and I was demoralized. I was set up for failure from the moment I came on site.[17]
>
> Plaintiff allege the following in his EEOC Charge of Discrimination:
>
> I was rehired in November 16, 2018 as a General Foreman at new [facility]. Upon hire, the Electrical Superintendent, Mr. Work (White Male), refused to allow me the ability to bring in my own crew. On December 6, 2018, I was demoted to Electrical Foreman. That same day, I resigned.
>
> I was told by Mr. Work that my performance was not cutting it.
>
> I believe I was demoted and forced to quit due to my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.[18]

---

[17] Defendants' exhibit A. EEOC Intake Questionnaire, Doc. 31-2, pp. 5-7.
[18] Id. EEOC Charge, p. 16.

Defendants argue that Plaintiff failed to reference a facially neutral policy that has a disproportionately adverse effect on Plaintiff and other similarly situated individuals. In other words, Plaintiff failed to describe or allege a disparate impact claim and therefore he did not contemplate a disparate impact claim. The Court agrees and finds that as to Plaintiff's disparate impact claim, he has failed to exhaust his administrative remedies.

Next, Defendants maintain that similarly, Plaintiff has failed to allege a neutral policy in his Complaint. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* prohibits the intentional employment discrimination resulting from "disparate treatment' on the basis of race, color, religion, sex, or national origin, as well as "disparate impact" discrimination that results when, as in some cases, an employer's facially neutral practices become "discriminatory in operation." *Ricci v. DeStefano*, 557 U.S. 557, 577, (2009) (citing *Griggs v. Duke Power Co*., 401 U.S. 424, 431 (1971). The plaintiff must show (1) a facially neutral policy; (2) that, in fact, has a disproportionately adverse effect on a protected class. *Hebert v. Monsanto,* 682 F.2d 1111, 1116 (5th Cir. 1982). There must be a causal connection between the defendant's policy and a disparate impact. *McClain v Lufkin Indus., Inc.,* 519 F.3d 264, 275 (5th Cir. 2008).

Defendants argue that Plaintiff does not allege the existence of a facially neutral employment policy that resulted in a disparate effect. The Court agrees. The facts alleged in Plaintiffs' Complaint do not allege a facially neutral policy. The Court finds that Plaintiff has failed to exhaust his administrative remedies as to a disparate impact claim and even if he had met that requirement, his Complaint fails to allege a disparate impact claim.

*Constructive Discharge*

Defendants move to dismiss Plaintiff's constructive discharge claim for failure to adequately plead facts to support the claim. Plaintiff alleges that he resigned from his employment because he was embarrassed about being demoted, and therefore he chose to resign.

To prevail on a claim of constructive discharge, Plaintiff must establish that the "employer made the employee's working conditions so intolerable that a reasonable employee would feel compelled to resign." *Culbert v. Cleco Corp.,* 926 F.Supp.2d 886, 898 (W.D. La. 2013) aff'd, 538 Fed. Appx. 504 (5th Cir. 2013) (quoting *Faruki v. Parsons, S.I.P. Inc.,* 123 F.3d 315, 319 (5th Cir 1997)).

Defendants argue that Plaintiff has failed to allege facts to reasonably support that Shaw made or allowed Plaintiff's working conditions to become so intolerable for the twenty-one days of his employment that he had no other choice but to resign. The Court agrees that Plaintiff has not alleged sufficient facts to support a claim for constructive discharge. Plaintiff failed to give his employer a reasonable opportunity to address his concerns, thus the Court finds that his resignation does not rise to the level a legally cognizable claim for constructive discharge.

*Hostile Work Environment*

Defendants move to dismiss Plaintiff's hostile work environment claim for failure to state a claim. In his Complaint, as amended, Plaintiff allege that Defendants' "[f]ailure

to honor commitments of the job offered and assigning insufficient manpower to perform required duties because of his race, created a hostile work environment."[19]

To establish a *prima facie* case of a racially hostile work environment, a plaintiff must prove (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on race; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir. 2002). For harassment to affect a term, condition, or privilege of employment, it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367 (1993). Failure to allege facts in the Complaint that demonstrate a severe or pervasive work environment sufficient enough to alter the conditions of the victim's employment is fatal to a plaintiff's claim. *Perez v. Brennan,* 766 Fed. Apps. 61, 64-65 (5th Cir. 2019); *Whitlock v. Lazer Spot, Inc.,* 657 Fed. Appx. 284, 287 (5th Cir. 2016); *Stone v. Louisiana Dept. of Revenue,* 590 Fed. Appx. 332, 340-41 (5th Cir. 2014).

Defendants assert that Plaintiff's subjective belief of discrimination that his supervisor's attitude and demeanor changed on his first day of work when the supervisor realized that Plaintiff was black is not a basis for judicial relief. Plaintiff contends that the inexperienced crew selected by his employer led to his poor performance, demotion and

---

[19] Amended and Supplemental Complaint for Damages with Demand for Jury Trial, Doc. 17, ¶ 21(4).

resignation.[20] Defendants remark that Plaintiff did not complain to Defendant until after he resigned.[21]

The Court finds that Plaintiff's complaints are not egregious enough to rise to the level of a hostile work environment, nor are they severe or pervasive to alter the conditions of his employment and create an abusive working environment. Plaintiff was employed by Shaw for less than a month and failed to communicate to his employer his complaints. Accordingly, Plaintiff's claim of a hostile work environment will be dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's claims for disparate impact discrimination, constructive discharge, and hostile work environment will be dismissed with prejudice at Plaintiff's costs.

**THUS DONE AND SIGNED** in Chambers on this 13th day of November, 2020.



**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[20] Doc. 17, ¶ ¶ 11A and 12A.
[21] Original Complaint, Doc. 1, ¶ 13.