UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MARCUS SELDERS** | **CASE NO. 2:19-CV-00940** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MCDERMOTT INC, ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Shaw Construction Services, L.L.C.'s Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure 56" (Doc. 40) wherein Defendant Shaw Construction Services, L.L.C. ("Shaw Construction") moves pursuant to Federal Rule of Civil Procedure 56.1 to be dismissed from this lawsuit. Plaintiff, Marcus Selders has not filed any opposition to the motion and the time for doing so has now lapsed.

## FACTUAL STATEMENT

This lawsuit involves allegations of race discrimination by Plaintiff's employer(s). The allegations occurred between November 16, 2018 through about December 6, 2018.[1] McDermott, International, Inc. and Shaw Services, LLC employed Plaintiff, Marcus Selders.[2] Shaw Construction was formed on May 22, 2018,[3] and hired is first employees on July 17, 2019.[4] Shaw Construction never hired Mr. Selders,[5] nor has Shaw Construction ever worked for McDermott and is not affiliated with Shaw Services, LLC.[6]

---

[1] Complaint, ¶ ¶ 6-12, Doc. 1.
[2] Doc. 37, ¶ 2.
[3] Defendant's Exhibit A.
[4] Id.
[5] Id.
[6] Id.

## S<small>UMMARY</small> J<small>UDGMENT</small> S<small>TANDARD</small>

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F<small>ED</small>. R. C<small>IV</small>. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Shaw Construction maintains that there is no genuine issue of material fact, that it never employed Mr. Selders and is therefore entitled to judgment as a matter of law. As previously noted, Mr. Selders has not opposed Shaw Construction's motion. As such Mr. Selders has failed to submit any summary judgment evidence to create a genuine issue of material fact for trial.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted, dismissing with prejudice, Defendant Shaw Construction Services, L.L.C.

**THUS DONE AND SIGNED** in Chambers this 15th day of December, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**