# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARCUS SELDERS** | : | **CASE NO. 2:19-CV-00940** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **MCDERMOTT INC.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court are two motions filed by defendant McDermott International Ltd.: a Motion to Compel Plaintiff's Attendance at His Deposition, Motion for Attorney's Fees, and Motion for Extension of Dispositive Motion Deadline [doc. 53] and a Motion to Expedite Consideration of the same. Doc. 55. The plaintiff has submitted a memorandum in opposition to both [doc. 57], and the matter is ready for resolution. Having considered the parties' arguments,

**IT IS ORDERED** the Motion to Expedite Consideration [doc. 55] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to compel plaintiff's attendance at his Deposition [doc. 53] is **GRANTED**. Plaintiff's deposition was previously set for October 7, 2022, and plaintiff unilaterally cancelled the deposition without substantial justification.

**IT IS FURTHER ORDERED** that Plaintiff is to produce himself for deposition within seven (7) days of the date of this order or as soon as practicable thereafter when defendant is available to take his deposition. Plaintiff's failure to do so may result in imposition of additional sanctions which could include a recommendation to the district court that this matter be dimsised.

**IT IS FURTHER ORDERED** that the motion to extend the dispositive motions deadline is **GRANTED**. The dispositive motions deadline is extended to the date falling 18 days after

plaintiff's deposition.  **No further extensions will be granted in this matter.**  Defendant is to notify chambers of the date of plaintiff's deposition so that the dispositive motions deadline may be fixed.  Dispositive motions will be set with abbreviated briefing deadlines to allow resolution in advance of trial.

**IT IS FURTHER ORDERED** that defendant's motion for attorney's fees is **GRANTED**.  Defendant's motion for attorney fees is based on Federal Rule of Civil Procedure 37. Rule 37(d) provides that a party who fails to attend his own properly noticed deposition must "pay the reasonable expenses, including attorney's fees, caused by the failure [to attend], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); *see also* Fed. R. Civ. P. 37(d)(1)(A)(I) (authorizing sanctions when "a party [ . . . ] fails, after being served with proper notice, to appear for that person's deposition").  Defendant asserts that as a prevailing party on the motion to compel, it is entitled to reasonable attorney's fees and expenses.  We agree.  We find no justifiable reason for the cancellation of plaintiff's properly-noticed deposition.

It is **FURTHER ORDERED** that defendant McDermott International Ltd. shall submit a statement of what it claims to be owed as a result of plaintiff's noncompliance by November 15, 2022, to which plaintiff may submit a response by November 22, 2022. These deadlines are suspended should plaintiff seek review from the district court to be refixed by the district court if appropriate following review.

THUS DONE AND SIGNED in Chambers this 25th day of October, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE