UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MARCUS SELDERS** | **CASE NO.  2:19-CV-00940** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MCDERMOTT INC** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the Court is an "Objection to Magistrate's Order Appeal to District Judge" (Doc. 60) wherein counsel for Plaintiff appeals the Magistrate Judge's Order finding that (1) Plaintiff refused to attend the deposition noticed by Defendant, (2) granted Defendant's attorney fees, and (3) ordered that no further extensions would be granted in this matter.[1]

The instant lawsuit, filed July 22, 2019, alleges racial discrimination in violation of Title VII of the Civil Rights Act of 1964. The matter is set for jury trial on January 23, 2023.

On September 1, 2022, counsel for Defendant contacted Plaintiff's counsel to request available dates for the Plaintiff's deposition to occur prior to the October 25, 2022 dispositive motion deadline. On September 2, 2022, counsel for both parties conferred via telephone, at which time counsel for Plaintiff confirmed Plaintiff's availability on October 7, 2022 for his deposition. On September 13, 2022, Defendant served a Notice of Video Deposition setting Plaintiff's deposition on October 7, 2022, to occur in person in New Orleans, Louisiana. Plaintiff's counsel requested that the deposition take place in New

---

[1] Doc. 58.

Orleans, Louisiana and confirmed Plaintiff's availability on that date.[2] On September 19, 2022, Plaintiff's counsel advised defense counsel that she intended to depose Phillip work, a non-party witness no longer employed by Defendant. Plaintiff's counsel requested that Mr. Work's deposition take place the same day as Plaintiff—October 7, 2022. During a telephone conference between the parties, held on September 22, 2022, defense counsel informed Plaintiff's counsel that because Defendant was entitled to a seven (7) hour deposition of the Plaintiff, Defendant objected to have both depositions taken on the same day.[3]

In response, Plaintiff's counsel indicated her intent to unilaterally cancel the Plaintiff's deposition, noting that she did not want to travel more than one day for depositions.[4] Defense counsel reminded Plaintiff's counsel that she had requested that the deposition take place in New Orleans, after Defense counsel had noticed same in Monroe. Defense counsel also informed Plaintiff's counsel that Mr. Work's deposition would likely occur via remote means considering that Mr. Work now resided out of state.

On September 27, 2022, Plaintiff's counsel emailed defense counsel and requested to schedule another non-party witness on October 7, 2022. Plaintiff and his counsel failed to appear at the noticed deposition at 9:30 a.m. on October 7, 2022. Plaintiff's counsel did not file any motion to cancel or excuse Plaintiff from the deposition. Defense counsel maintains that based on the communications between the parties' counsel, there was no indication that Plaintiff's deposition would not proceed on October 7, 2022 as noticed.

---

[2] Defendant's exhibit A, Doc. 53-2.
[3] Defendant's exhibit C.
[4] *Id.*

Consequently, defense counsel filed a Motion to Compel, Motion for Attorney Fees, and Motion for Extension of Dispositive Motion Deadline, and a Motion to Expedite.[5] The Magistrate Judge granted Defendant's motions and ordered Plaintiff's attendance for a deposition to be held within 7 days of the order.

In her appeal, Plaintiff's counsel suggests that she never opposed the appearance of Plaintiff and that the parties were still in discussions over the details of the deposition. Plaintiff's counsel also notes that she wanted to depose Plaintiff's supervisor on the same date. Plaintiff further notes that defense counsel insisted that Plaintiff's deposition be allotted a full seven (7) hours. Plaintiff's counsel complains that the Magistrate Judge ordered that no further extensions would be granted.

The Court has reviewed the email string attached to Defendant's Motion to Compel and does not find, as suggested by Plaintiff's counsel, that there was never a final agreement between the parties for a deposition."[6] Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, defense counsel has a right to conduct a seven (7) hour deposition. The Court notes that this case is over three (3) years old, the dispositive motion deadline was October 25, 2022, and the pending jury trial is set for January 23, 2023. It also appears from the emails that defense counsel had been requesting to depose Plaintiff since January of 2022.[7] Thus, defense counsel was motivated to schedule the deposition in order to meet the dispositive motion deadline and the January 23, 2023 jury trial. Plaintiff's counsel's unilateral decision to fail to appear at the October 7, 2022 noticed deposition was

---

[5] Docs. 53 and 55.
[6] Doc. 60-1, p. 2.
[7] Doc. 57-2, Plaintiff's exhibit G.

not only unwarranted but also borders on being unethical and unprofessional. The Court finds no fault or error in the Magistrate Judge's Memorandum Order.

**IT IS ORDERED** that Plaintiff's Appeal is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 2nd day of November, 2022

JAMES D. CAIN, JR.
UNITED STATE DISTRICT JUDGE